[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the Court finds as follows:
The Plaintiff and Defendant, whose maiden name was Perry, intermarried at Groton, Connecticut on January 15, 1993; that the Plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage; that no other minor children have been born to the Plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation.
This is Defendant's fourth marriage. Defendant has two children of her prior marriages living with her. She receives $185.00 per month support for said children. However, since Defendant is receiving State assistance, the State receives the child support payments.
The Plaintiff claims the breakdown of the marriage was caused CT Page 6863 by Defendant's depression and her attempted suicides and that these problems caused him to drink excessively. Plaintiff finally left the Defendant during November 1996.
The Defendant testified that she believed Plaintiff had a girl friend while he was living with the Defendant; that he was a mean drunk; that he damaged their home; that he called her vile names and that two nights after Plaintiff left, she attempted to commit suicide. Defendant tried to commit suicide one other time.
Plaintiff is a chef employed at Foxwoods Casino and receives a gross weekly income of $528.13. After deductions, Plaintiff nets weekly $399.63.
Plaintiff has a 401K account presently worth $5,617.00. He also has a dirt bike valued at $1,900.00; a TV valued at $400.00, and a 1995 Ford with no equity. Plaintiff also has a $10,000.00 life insurance policy provided by his employ.
Plaintiff, who was born December 14, 1969, appears to be in good health and seems employable.
Defendant owns a 1996 Honda Civic with an equity of $618.00; miscellaneous furniture valued at $1,000.00 and Charter Oak Credit Union bank accounts totalling $115.00.
At the time of her marriage to the Plaintiff, Defendant was employed as a secretary at a law firm in New London, Connecticut. In July 1996, she became employed at Belfour Betty Mass. Electric Co., but was fired January 1997. She did not appeal the firing or apply for unemployment compensation. Presently, Defendant is receiving State assistance.
The Defendant, who was born May 20, 1960, seems to be in good physical health. However, other than her admitted suicide attempts, no evidence was offered as to her mental health. It seems that Defendant could become employed, as her suicide attempts were caused by her problems with the Plaintiff.
In 1994 the parties filed bankruptcy. Presently, their marital home at 64 Laurelwood Road, Groton, Connecticut, which has no equity, is presently being foreclosed.
The parties have a lawsuit pending relative to defects in their marital residence. It is estimated that the parties will CT Page 6864 receive $3,013.00 from the lawsuit.
Plaintiff claims that when Defendant moved out of the home she took with her furniture, storm doors, a ceiling fan and bathroom cabinets, and that she withdrew $2,100.00 from their Charter Oak bank account.
Defendant claims that when Plaintiff moved out of the house he took his tools, motorcycle, clothes, a television set and twelve "wolf" beer steins owned by the Defendant.
Since their bankruptcy, the parties have accumulated medical and credit card debts exceeding $20,000.00. See Defendant's Exhibit 1.
It is evident from the testimony offered that the marriage has broken down irretrievably; that the Plaintiff was more at fault than the Defendant. A decree dissolving the marriage of the parties is ordered.
After considering the factors in Connecticut General Statutes §§ 46b-62, 46b-81 and 46b-82 and other pertinent statutes, the following orders are entered which the Court finds to be fair and equitable:
1. The Plaintiff shall return to the Defendant the twelve "wolf" beer steins he removed from the home.
2. The parties shall sign a quitclaim deed of the marital residence to the mortgage holder, Atlantic Mortgage Company, in lieu of foreclosure.
3. The parties shall be jointly obligated to pay the medical and credit card debts listed on their financial affidavits.
4. The lawsuit proceeds and the Plaintiff's 401K account, if available without penalty to the Plaintiff, shall be used to pay some or all of the medical and credit card debts.
5. The Plaintiff's Honda 250 motorcycle is to be sold and the proceeds applied to the medical and credit card debts.
6. Each party shall keep, free of any claim from the other, the automobile in their possession. CT Page 6865
7. The Plaintiff shall pay to the Defendant $1.00 per year alimony for five years. Said alimony shall terminate upon the Defendant's remarriage, cohabitation with an unrelated male or her death, whichever is the first to occur.
While the Defendant is receiving State assistance, said alimony should be modifiable by the State only. However, when Defendant no longer receives State assistance, said alimony shall be modifiable as to amount but not as to term.
8. The Plaintiff shall pay $1,000.00 towards Defendant's attorney fees.
Vasington, JTR